TAMMY R. GANZEVOORT,    )
                                )
     Plaintiff/Appellee,    )
                                )     Appeal No.
                                )     01-A-01-9502-CV-00038
VS.                        )
                                )     Sumner Circuit
                                )     No. 12365-C
RICHARD B. RUSSELL, MARTHA T.  )
RUSSELL and JIM CASSETTY d/b/a  )
JIM CASSETTY REALTY,    )
                                )
     Defendants/Appellants.   )

**FILED**

**Oct. 25, 1995**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE


APPEALED FROM THE CIRCUIT COURT OF SUMNER COUNTY
AT GALLATIN, TENNESSEE

THE HONORABLE THOMAS GOODALL, JUDGE



MICHAEL W. EDWARDS
177 East Main Street
Hendersonville, Tennessee  37075
     Attorney for Plaintiff/Appellee

JOHN R. BRADLEY
ANTHONY D. MILLER
311 East Main Street, Suite 3
Hendersonville, Tennessee  37075
     Attorney for Defendants/Appellants



REVERSED AND REMANDED




                            BEN H. CANTRELL, JUDGE


CONCUR:
TODD, P.J., M.S.
INMAN, S. J.

# O P I N I O N

The Circuit Court of Sumner County awarded the purchaser of a home a judgment against the sellers and their real estate agent, for deceptive practices as defined in the Tennessee Consumer Protection Act. Because we find that the evidence preponderates against a finding that the plaintiff suffered any ascertainable harm from a deceptive act, we reverse.

## I.

The plaintiff purchased a home in Hendersonville, and discovered immediately that the plywood subfloor, the floor joists, and the hardwood floors under two baths and part of another room had extensive water damage. Two leaking commodes and perhaps a leaking shower as well caused the damage. The plaintiff discovered the problem when she removed some old carpet in the room adjacent to the two bathrooms, in order to expose the hardwood floor underneath.

The plaintiff sued the sellers and their real estate agent for deceptive practices under the Tennessee Consumer Protection Act, Tenn. Code. Ann. § 47-18-101, et seq.

At a bench trial the proof showed that the house was originally purchased by the defendants Richard B. Russell and Martha T. Russell in 1969. The Russells later divorced and Mrs. Russell moved out of the house early in 1991. Mr. Russell continued to live in the house with his oldest daughter until January of 1993; the daughter moved out in April of 1993.

Mr. and Mrs. Russell offered the house for sale in the latter part of 1992 and the plaintiff signed a contract to purchase the house on February 1, 1993 for

$68,500. The plaintiff applied for a FHA loan, and an FHA representative inspected the house on May 6, 1993. The inspection report noted that the house needed some minor repairs; it did not, however, cite any water damage to the floor, subfloor, or floor joists. The same inspector conducted a follow-up inspection on May 12, 1993 and issued a clean report.

On May 15, 1993 a pest control company inspected the house for termites. During the inspection, the inspector noted some apparent water damage to the subflooring under the bathroom. He didn't note it on his report because, in his opinion, it did not affect the structural integrity of the house. He did, however, report it to the sellers' real estate agent, who went out to see for himself. The agent noticed the damage to one or more floor joists under the bathroom, and hired a carpenter to make the repairs. The carpenter added some sheets of plywood under one of the bathrooms and reinforced the joists by nailing additional members alongside the damaged ones. All the old wood was dry, even though it had obviously been wet previously.

Mr. Russell was aware of the repairs made underneath the house, and authorized his agent to deduct the cost from the proceeds paid to the sellers at the closing. The sellers' agent also notified the buyer's agent that a small problem had been detected and corrected. The buyer's agent says she relayed the information to the buyer. The buyer and her agent walked through the house a few days before the closing, and did not notice any of the damaged areas.

The plaintiff testified that she did not rely on any statements made by the sellers or their agent. She relied on the FHA inspections, the termite inspection and her own personal observations, in deciding the house was in good condition. The closing took place on June 3, 1993.

## II.

The Consumer Protection Act makes unfair or deceptive acts unlawful, Tenn. Code Ann. § 47-18-104(a). The Act lists certain specific deceptive acts and then adds a broad category: "Engaging in any other act or practice which is deceptive to the consumer or to any other person." Tenn. Code Ann. § 47-18-104(b)(27). The plaintiff relies on the quoted section as the basis for her claim against the sellers and their agent.

The Consumer Protection Act does apply to transactions in real estate, *Steed Realty v. Oneisi*, 823 S.W.2d 195 (Tenn. App. 1991), and the deceptive acts or practices do not have to be wilful or knowing. *Smith v. Scott Lewis Chevrolet, Inc.*, 843 S.W.2d 9 (Tenn. App. 1992); *Haverlah v. Memphis Aviation, Inc.*, 674 S.W.2d 297 (Tenn. App. 1984). But does the plaintiff have to rely on the deceptive act or practice? If so, the plaintiff cannot recover in this case because she testified that she did not rely on any acts of the defendants, and the allegedly deceptive act took place after the date of the agreement.

The parties have not provided any authority on the reliance issue under the Consumer Protection Act and we have not been able to find an answer in the Tennessee cases. We are persuaded, however, that reliance is not a part of the cause of action, simply because the Act does not require it. Tenn. Code Ann. § 47-18-109 gives a person who has suffered an ascertainable loss a cause of action to recover the actual damages caused by the deceptive act or practice. It does not mention reliance, and the whole tenor of the act makes it clear that the technical requirements of a cause of action for fraud and deceit are not a part of the cause of action under the act.

We turn next to the question of whether the defendants were guilty of

a deceptive act. The trial judge did not make a finding of the defendants' specific acts. He found simply that "the defendants were guilty of unfair or deceptive acts or practices and violated the provisions of T.C.A. § 47-18-104(a)(27)."

With respect to Mrs. Russell, we think that finding is clearly erroneous. She had no part in the events that occurred between the execution of the contract and the closing. She had not lived in the house for over two years, and there is no proof that she had any knowledge of the water damage. The fact that her real estate agent may have acted deceptively should not be imputed to her. There is no proof that she authorized the agent to act for her in any way, except in selling the house. Therefore, the action against her should be dismissed.

As to Mr. Russell and the real estate agent, we think a conclusion could be drawn (as the trial judge did) that they engaged in a deceptive act by, either intentionally or negligently, covering over a serious defect in the house. Such a finding, however, does not automatically impose liability on the defendants. The statute also requires that the deceptive act affect the "conduct of any trade or commerce." Tenn. Code Ann. § 47-18-104(b). We have difficulty finding from the record in this case how the deceptive act affected the trade. The contract had been signed, the FHA inspection had been made, and the loan had been approved; the sellers had a clear termite letter, and the closing was only a few days away. If Mr. Russell and the agent had done nothing, the transaction would undoubtedly have closed. Therefore, we do not think it can be argued that the deceptive act affected the trade.

For the same reasons, we are also convinced that the proof fails to establish how the plaintiff was damaged by the deceptive act. The only proof in the record concerns the cost of repairs. But the deceptive act did not cause the harm to the structure, nor did it cause the transaction to close. Therefore, we find that the

plaintiff failed to show that she had an ascertainable loss as a result of the deceptive act.  See Tenn. Code Ann. § 47-18-109.

- 6 -

The judgment of the court below is reversed and the cause is remanded to the Circuit Court of Sumner County for any proceedings that may become necessary.  Tax the costs on appeal to the appellee.

_____
BEN H. CANTRELL, JUDGE


CONCUR:


_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION


_____
WILLIAM H. INMAN, SENIOR JUDGE